STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Harold T. GARVIN, Jr., Respondent.

OBAD No. 881.
SCBD No. 3545.

Supreme Court of Oklahoma.

July 5, 1989.

Dan Murdock, Gen. Counsel and John E. Douglas, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

William L. Anderson, Oklahoma City, for respondent.

HODGES, Justice.

Respondent lawyer was accused by Complainant of professional misconduct sufficient to warrant disciplinary proceedings.

At the hearing before the Professional Responsibility Tribunal proposed stipulations of fact and conclusions of law were agreed upon between the Complainant and Respondent and subsequently approved by the three members of the Tribunal. The stipulations are as follows:

### STIPULATIONS OF FACT

1. That the Respondent has been suspended from the practice of law for nonpayment of dues since July 11, 1988, but was at all times hereinafter referred to as an attorney licensed to practice law by the Supreme Court of the State of Oklahoma and thereby a member of the Oklahoma Bar Association.[1]

### COUNT I

2. In the fall of 1986, Charles Smiddy d/b/a Blue River Pipeline Service, constructed a pipeline for Western FarmersElectric Cooperative. Smiddy billed Western Farmers Electric Cooperative for $85,309.50, but was only given a Western Farmers check for $19,597.00, marked "Paid in full."

3. On February 1, 1987, Smiddy contacted Respondent for legal advice. Smiddy gave Respondent various documentation of the work that he had done. Respondent agreed to represent Smiddy. Smiddy gave Respondent $750.00 as a retainer, and Respondent told Smiddy that another $750.00 would be charged when the legal work was completed.

4. During the first week of March, 1986, Respondent asked Smiddy if he would settle for $54,000.00 in addition to the $19,597.00 check which Smiddy was holding. Smiddy informed Respondent that he would agree to such a settlement.

5. Smiddy was unable to contact Respondent during the next two weeks. When Smiddy finally did contact Respondent, Respondent told Smiddy that Respondent was unable to reach the settlement discussed. Respondent then asked for and received an additional $5,000.00 from Smiddy to initiate a lawsuit against Western Farmers Electric Cooperative.

6. After paying Respondent the $5,000.00 to initiate litigation, Smiddy deposited the $19,579.00 check from Western Farmers Electric Cooperative. Respondent took no further action on behalf of Smiddy. When Smiddy learned no lawsuit had been filed on his behalf, he demanded return of his money from Respondent. Respondent refused to return any money to Smiddy. Smiddy has been unable to contact Respondent again.

7. Although Smiddy's deposit of the check from Western Farmers may have lessened Smiddy's chances for prevailing in litigation, Respondent never informed Smiddy that he was not going to file a

[1]. Respondent reinstated on June 2, 1989 after     suspension for nonpayment of dues.

lawsuit on Smiddy's behalf, nor has he returned any money or documents to Smiddy.

## COUNT II

8. On September 24, 1987, the General Counsel mailed to Respondent a copy of the grievance filed by Mr. Smiddy along with a letter informing Respondent of his obligation to respond to the grievance within twenty (20) days. On October 26, 1987, Respondent was granted an extension until November 5, 1987, in which to respond. No response was forthcoming from Respondent by November 5, 1987, so that a subpoena duces tecum was issued for Respondent's deposition, set for December 14, 1987. Said subpoena was returned as the process server was unable to locate Respondent.

9. Thereafter, the General Counsel's office contacted Respondent, through family members, but he still made no response. The General Counsel's office then filed an alias application for issuance of a subpoena duces tecum with the Professional Responsibility Commission; however, Respondent contacted the Office of the General Counsel prior to its issuance. Respondent met by agreement with an assistant general counsel and an investigator for the Oklahoma Bar Association on January 22, 1988.

## COUNT III

10. In a written supplement to his oral response to the Oklahoma Bar Association, Respondent claimed to have spent a total of 425 hours on Mr. Smiddy's legal problem, including 300 hours negotiating a settlement with representatives of the adverse party. Such claim is a misrepresentation of the number of hours Respondent spent on Smiddy's legal matter.

## STIPULATED CONCLUSIONS OF LAW

The parties would agree and stipulate that Respondent's conduct is in violation of the mandatory provisions of the Code of Professional Responsibility, 5 O.S.1981 Ch. 1, App. 3, DR 6–101(A)(3); DR 1–102(A)(4); DR 2–107(A); DR 2–111(A)(2); DR 7–101(A)(2); and DR 9–102(B)(3). Said conduct also violates Rule 5.2, Rules Governing Disciplinary Proceedings, 5 O.S.1981 Ch. 1, App. 1–A. These violations constitute grounds for professional discipline.

## STIPULATIONS IN MITIGATION

1. Respondent believes that his conduct as above described, particularly in regard to those matters set forth in Counts II and III, was affected by his reliance on the use of alcohol and that he believes himself to be an alcoholic.

2. That although Respondent believes that he performed work on behalf of his client, Charles Smiddy, in excess of that necessary to earn the $5,000.00 attorney fee paid to him, Respondent is willing to make restitution of the fee he was paid.

3. That Respondent is currently suspended from the Oklahoma Bar Association for failure to pay Bar dues and is not currently engaged in the active practice of law.

4. That Respondent intends to pay his past due Bar dues, with penalties, and resume the active practice of law.

Having examined the pleadings, the stipulations and the recommended discipline submitted by the Complainant and the Professional Responsibility Tribunal, the COURT FINDS:

(1) On de novo review of the record before the Court, public censure is the appropriate sanction to be imposed for Respondent's misconduct.

(2) The Respondent shall make restitution to Charles Smiddy in the amount of $5,000.00 by July 31, 1989.

(3) The Respondent shall pay costs of the proceedings by June 30, 1989.

(4) The Court further finds the Respondent shall confer with Oklahoma Bar Association's committee "Lawyers Helping Lawyers" for a period of one year. Respondent shall abide by the conditions imposed by the committee and shall make monthly written reports of compliance to the Office of the General Counsel. The reports are to be attested by a designated member of the committee.

IT IS THEREFORE ORDERED, AD-JUDGED AND DECREED BY THIS COURT that the Respondent herein be publicly censured by the Supreme Court of the State of Oklahoma and that the Respondent comply with the conditions set out above.

LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs specially.

SIMMS, J., concurs in result.

OPALA, V.C.J., concurs in part and dissents in part.

HARGRAVE, C.J., dissents.

KAUGER, Justice, concurring specially:

Disciplinary proceedings of this sort should be brought under 5 O.S.1981 Ch. 1, App. 1-A, Rule 10.